# IN THE SUPREME COURT OF THE STATE OF NEVADA

BENITO GONZALEZ, JR.,
Appellant,
vs.
MARITZA GONZALEZ, N/K/A MARITZA
LANDROVE,
Respondent.

No. 80809

FILED

MAR 09 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a post-divorce decree order granting a motion to extend child support beyond the age of majority. Eighth Judicial District Court, Family Court Division, Clark County; Bill Henderson, Judge.

We conclude the district court acted within its discretion in granting the motion to extend child support. *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court reviews a child support order for an abuse of discretion). Substantial evidence in the record supports the district court's findings that the autistic child is handicapped and unable to support himself. *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (explaining that this court reviews factual findings for an abuse of discretion and will not set them aside unless they are clearly erroneous or not supported by substantial evidence); *see also* NRS 125B.110 (providing a parent shall support, past the age of majority, a handicapped child incapable of self-supporting). Substantial evidence also supports the district court's finding that the neuropsychological evaluation the child received when he was nine years

21-06834

old qualified as a medical diagnosis of autism, even if the evaluation noted the child's previous educational diagnosis of autism.

Further, while the Social Security Administration's denial of disability benefits to the child is relevant, it does not on its own preclude continued child support, and the district court properly considered the other evidence in the record to determine if continued child support was warranted under NRS 125B.110. Lastly, the district court did not abuse its discretion when it qualified Dr. Michael Glick as an expert witness and considered his limited expertise in determining the weight to give his testimony. *Johnson v. Egtedar*, 112 Nev. 428, 436, 915 P.2d 271, 276 (1996) (providing that this court will review a district court's decision to permit a witness to testify as an expert for an abuse of discretion); *Leavitt v. Siems*, 130 Nev. 503, 510, 330 P.3d 1, 6 (2014) (noting that once expert testimony has been admitted, it is the factfinder's duty to determine what weight to assign such testimony). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Bill Henderson, District Judge, Family Court Division
  Robert E. Gaston, Settlement Judge
  Kainen Law Group
  Kelleher & Kelleher, LLC
  Eighth District Court Clerk